Sarabjeet SINGH, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–71421.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 17, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Mohinder Singh, Esq., Walnut Creek, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Anthony P. Nicastro, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Sarabjeet Singh, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals summarily affirming an immigration judge's ("IJ") order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (the "Convention"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Malhi v. INS,* 336 F.3d 989, 992 (9th Cir.2003), and deny the petition for review.

Substantial evidence supports the IJ's adverse credibility finding because Singh presented inconsistent testimony regarding key elements of his asylum application, including his identity and his claim that he was persecuted on account of his political opinion. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003) (upholding adverse credibility finding where inconsistencies went to key elements of the asylum

application, including identity and membership in a persecuted group).

Because Singh did not testify credibly, he did not establish eligibility for asylum or withholding of removal. *See id.*

Substantial evidence also supports the IJ's conclusion that Singh is not entitled to relief under the Convention because he failed to demonstrate that it is more likely than not that he will be tortured if returned to India. *See Malhi,* 336 F.3d at 993.

Because we have reviewed the merits of Singh's claims, we need not reach Singh's contention that the BIA improperly applied the summary affirmance procedure to his case. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 855 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.